# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:05-CV-304-W

| | |
|---|---|
| **FIREHOUSE RESTAURANT GROUP, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **FIRE HOUSE PIZZA-CHINESE, INC.** ) | **NOTICE** |
| d/b/a Fire House Pizza, **FIRE HOUSE** ) | |
| **PIZZA-CHINESE OF WENDOVER, INC.** ) | |
| d/b/a Fire House Pizza, and **FIRE HOUSE** ) | |
| **PIZZA-CHINESE OF INDEPENDENCE,** ) | |
| **INC.** d/b/a Fire House Pizza, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

TAKE NOTICE that this matter has been set for hearing on Plaintiff's motion for entry of final judgment after default and permanent injunction (Doc. No. 11), to be held at **11:00 a.m.** on **16 February 2007**, before the undersigned United States District Judge, in Courtroom #1 of the Charles R. Jonas Federal Building, Charlotte, North Carolina. Counsel for Plaintiff should be prepared to demonstrate to the satisfaction of the Court (1) that its claim is not now moot and (2) that Plaintiff is legally entitled to the injunctive relief it seeks,[1] where the phrase "Fire House" is a generic and commonplace name and Plaintiff has never produced for the Court a graphical depiction of Fire House Pizza's allegedly infringing service mark to allow for a legal determination on the element

---

[1] "At the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted. However, plaintiff's conclusions of law are not deemed established. Thus, the court may grant only the relief for which a sufficient basis is asserted in the complaint." Moore's Federal Practice – Civil § 55.12; see also Thomson v. Wooster, 114 U.S. 104, 113 (1885); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

of potential customer confusion.

Signed: February 8, 2007

Frank D. Whitney
United States District Judge